# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KEINA ONQUE,<br><br>      Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS LAS VEGAS, INC., a Delaware Corporation doing business as COX COMMUNICATIONS,<br><br>      Defendant. | 2:04-CV-588-BES-GWF<br><br>**ORDER** |

Presently before this court is a Motion for Partial Reconsideration or, Alternatively, Request for Certification for Interlocutory Appeal (#25) filed by Defendant Cox Communications ("Cox"). Plaintiff filed an Opposition (#28) and Defendant filed a Reply (#29).

## I. BACKGROUND

On August 30, 2005 Plaintiff moved for partial summary judgment (#16) on the issue of Defendant's liability for overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") during the time she was employed by Defendant as a Field Collector. Defendant filed a cross motion (#17) on August 31, 2005, seeking summary judgment on all of Plaintiff's claims on the basis that Cox did not suffer or permit her to work any overtime hours. Alternatively, Defendant moved for partial summary judgment on two grounds: (1) Plaintiff is not entitled to overtime pay for those weeks during which she admittedly worked less than 40 hours; and (2) Plaintiff's claim for damages utilized an incorrect

///

formula in calculating any overtime pay allegedly due under the FLSA. All motions were denied by United States District Judge Roger L. Hunt in an Order (#23) dated December 8, 2005. On that same date this case was reassigned to District Judge Brian E. Sandoval. Defendant filed its motion on December 21, 2005, seeking reconsideration only as to the correct formula to be utilized in calculating any overtime pay to which Plaintiff might be entitled. Specifically, Defendant asserts that the Court erroneously declined to reach this issue and requests a partial summary judgment order finding that any overtime pay to which Plaintiff might be entitled should be calculated pursuant to the formula set forth in the United States Department of Labor's regulations at 29 C.F.R. § 778.111(a). Alternatively, Defendant requests that this Court certify its Order for immediate appeal pursuant to 28 U.S.C. § 1292(b), stating that a determination of the correct formula to be utilized in calculating any overtime pay is a controlling question of law as to which there is substantial grounds for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

In its Reply (#29) Defendant refers the Court to a "companion case," Parks v. Cox Communications Las Vegas, Inc., Case No. 2:04-cv-00362-RCJ-GWF ("Parks"), in which the parties filed similar motions for summary judgment. (Reply (#29), p. 3, n.2).[1] On August 31, 2005, Defendant filed a Motion for Summary Judgment (#18) in Parks alleging, as it does here, that any overtime pay to which the plaintiff may be entitled to should be calculated pursuant to 29 C.F.R. § 778.111(a). Defendant's motion in Parks was heard before United States District Judge Robert C. Jones and resulted in an oral determination that the correct method of overtime pay calculation was the method proposed by Defendant, which is the formula presented in 29 C.F.R. § 778.111(a). (See Joint Pretrial Order (#35), p. 2 in Case No.

---

[1] The Court takes judicial notice of two additional cases in this district filed against Cox which involve the same attorneys and similar issues related to overtime pay under the FLSA. In both Brown v. Cox Communications Las Vegas, Inc., Case No. 2:04-cv-00383-LDG-GWF and William Whitfield v. Cox Communications Las Vegas, Inc., Case No. 2:04-cv-00511-LDG-GWF, Cox filed Motions for Summary Judgment on August 31, 2005 on the same bases raised in this case. The motions in each case are still pending.

2

2:04-cv-00364-RCJ-GWF).[2] The Parks case was recently resolved in a settlement conference on August 15, 2006.

## II. ANALYSIS

**A. Standard for Reconsideration**

The Order in this case denying the parties' motions for summary judgment is interlocutory and therefore "subject to reconsideration by the court at any time." See Preseau v. Prudential Ins. Co. of Am., 591 F.2d 74, 79-80 (9th Cir. 1979); see also Dessar v. Bank of American Nat. Trust and Sav. Ass'n, 353 F.2d 468, 470 (9th Cir. 1965) (order denying motion for summary judgment because of existence of issue of facts merely postponed decision of any question and decided none and did not constitute law of case).  It makes no difference whether an interlocutory order is reconsidered by the same judge or a different judge to whom the case has been reassigned. Desert Gold, 433 F.2d at 715.  Of course, this Court is mindful of the general principle that "the various judges who sit in the same court should not attempt to overrule the decisions of each other ...." Castner v. First National Bank of Anchorage, 278 F.2d 376, 397 (9th Cir. 1960) (citing Shreve v. Cheesman, 69 F. 785, 791 (8th Cir. 1895)). This rule is premised upon principles of comity and uniformity, and the need to preserve the orderly functioning of the judicial process. Castner, 278 F.2d at 379-80.  However, the rule does not raise an absolute bar to reexamining questions previously determined.

It is well established in the Ninth Circuit that a district judge in a multi-judge court may modify or overrule the interlocutory order of another judge sitting in the same case for "cogent reasons" or where "exceptional circumstances" are presented. Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 530 (9th Cir. 2000); Greyhound Computer Corp. v. International Business Machines Corp., 559 F.2d 488 (9th Cir. 1977), cert. denied, 434 U.S. 1040 (1978);

---

[2] In ruling on the parties' motions in Parks, Judge Jones did not enter a written order.

United States v. Desert Gold Mining Co., 433 F.2d 713 (9th Cir. 1970); Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804 (9th Cir. 1963), cert. denied, 375 U.S. 821 (1963); Castner, 278 F.2d at 379-80. The leading Ninth Circuit case on the preclusive effect of an interlocutory holding by another judge in the same case has explained that where a successor judge is asked to modify or overrule the earlier order of another judge, "the question becomes one of the proper exercise of judicial discretion." Castner, 278 F.2d at 380 (case was reassigned to a second judge after a motion to dismiss and motion for summary judgment were denied by prior judge). This discretion is important because the "second judge must conscientiously carry out his judicial function in a case over which he is presiding." Id.

Guided by these considerations and having reviewed the record in this case, the Court is convinced that a cogent reason for partial reconsideration of the prior ruling exists because the proper method for calculating the rate of overtime pay is a question of law that is properly resolved on partial summary judgment. The Court is presented with two conflicting positions on this issue. The outcome of the dispute will have an impact on the evidence to be offered at trial. Moreover, it is likely that resolution of this dispute will be helpful with the progress of possible settlement discussions between the parties.[3]

**B.  Defendant's Motion for Partial Summary Judgment**

Rule 56(b) provides that a defendant may move for summary judgment "as to all or any part" of the plaintiff's claim. Fed.R.Civ.P. 56(b). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

---

[3] Defendant has represented that "a ruling as to the correct formula to be utilized in calculating any overtime pay to which Ms. Onque might be entitled will facilitate discussions regarding any possible pre-trial resolution of this matter." (Motion (#25), p. 7).

4

and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Rule 56(d) authorizes a summary adjudication that falls short of a final determination. See Lies v. Farrell Lines, Inc., 641 F.2d 765, 768-69 (9th Cir. 1981) (citations omitted). Partial summary judgment is "merely a determination before the trial" that is intended to "avoid a useless trial of facts and issues over which there was really never any controversy and which would tend to confuse and complicate a lawsuit." Id., 641 F.2d at 769, n.3 (quoting 6 Moore's Federal Practice ¶ 56.20 (3.2) (2d ed. 1976)).

In denying Defendant's motion for partial summary judgment, Judge Hunt generally found that there were "issues of material facts which must be weighed and decided in reaching the ultimate decision in this case." (Order (#23), p. 2). Although Judge Hunt acknowledged that "there are some facts which may not be disputed or contested," he stated that "to remove them from the presentation of facts would not be helpful to the jury." (Id., pp. 2-3). Judge Hunt also determined that "[a]ny legal issues can be addressed though [sic] jury instructions." (Id., p. 3). Thus, no decision was made on the issue of which formula should be utilized for calculating overtime pay Plaintiff may be entitled to under the FLSA.

Defendant argues that while there may exist genuine issues of fact as to whether Plaintiff worked overtime hours, the correct formula to be utilized in calculating overtime pay is a legal issue that the Court should have decided. (Motion (#25), p. 5). No circuit court has provided a clear directive as to whether the formula for calculating overtime compensation presents a question of law that must be decided by the court. Defendant relies upon two district court cases in which the formula for overtime pay was determined as a matter of law even though questions of fact were involved. See Tumulty v. FedEx Ground Package Sys., Inc., No. C04-1425P, 2005 WL 1979104, at ** 4-5 (W.D. Wash. 2005) (despite existence of

5

1  genuine issues of fact as to the exact number of overtime hours Plaintiffs worked, as a matter
2  of law, the court determined the appropriate method of calculating any overtime compensation
3  due);  see also Wisnewski v. Champion Healthcare Corp., No. CIV. A3-96-72, 2000 WL
4  1474414, at *5 (D.N.D. 2000), aff'd, 258 F.3d 720 (8th Cir. 2001) ("issue of correctly caclulating
5  overtime compensation is a question of law for the court to decide").  Although these
6  
7  authorities are not controlling, the Court finds them persuasive.

8  **C. Formula for Calculating Overtime Pay**

9  
10  The overtime calculation issue requires the Court to determine whether Defendant has
11  complied with the FLSA's directive regarding overtime pay.  The parties dispute what the
12  correct formula for calculating the rate of overtime compensation should be in this case.  29
13  C.F.R. § 778.111(a) ("Section 778.111(a)") provides for an exception to the normal rule under
14  the FLSA that overtime be calculated at one and a half times the regular rate of an employee's
15  
16  pay. Defendant sought partial summary judgment on the basis that, because Plaintiff was paid
17  pursuant to a piece-rate system, any overtime pay to which she allegedly is entitled to should
18  be calculated pursuant to Section 778.111(a).  Although Plaintiff concedes the applicability of
19  Section 778.111(a) to "pure" piece-rate systems, she contends that she is entitled to overtime
20  pay based upon a "hybrid" piece-rate compensation system under 29 U.S.C. § 207(g)
21  ("Section 207(g)").  Defendant argues that Section 778.111(a) does not distinguish between
22  
23  "hybrid" and other piece-rate systems.  Defendant also points out that Section 207(g) permits
24  overtime compensation to be paid at a rate other than the regular rate contained in 29 U.S.C.
25  § 207(a) only where there exists "an agreement or understanding arrived at between the
26  employer and the employee before the performance of any work."  See 29 U.S.C. § 207(g);
27  see also 29 C.F.R. § 418(a).
28

6

Case 2:04-cv-00588-BES-GWF   Document 30   Filed 09/19/06   Page 7 of 8

1  Plaintiff has produced no evidence that the requisite agreement or understanding existed and she admitted in her Complaint (#1) that all field collectors, such as herself, were paid by Cox pursuant to a piece rate compensation system "for which no agreement or understanding was arrived at between the employer and the employee before the performance of the work." (Complaint (#1), ¶ 8).  Accordingly, there appears to be no genuine issue of material fact as to the absence of any agreement that would allow Plaintiff's overtime pay to be determined pursuant to a formula presented in Section 207(g).  Furthermore, it is undisputed that Plaintiff was paid pursuant to a piece-rate compensation system while employed by Defendant.

As Judge Hunt observed, "there are factual questions which must be decided to determine whether the [FLSA] was violated and [Plaintiff] was damaged thereby." (Order (#23), p. 3).  Those factual questions are irrelevant, however, on the issue of which formula should be applied to determine overtime pay.  See Saucier v. Katz, 533 U.S. 194, 212 n.3 (2001) (Ginsburg, J., concurring) ("disputed versions of the facts alone are not enough to warrant denial of summary judgment").  Moreover, although no court in the Ninth Circuit has issued a ruling on the application of Section 788.111(a) for calculating overtime compensation pursuant to a piece-rate system such as that in this case, the Court is persuaded by and agrees with the determination reached by Judge Jones in Parks.  As such, Defendant is entitled to partial summary judgment on this issue and the Court finds that any overtime pay to which Plaintiff may be entitled should be calculated pursuant to 29 C.F.R. § 778.111(a).

///

///

///

///

7

**CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's Motion for Partial Reconsideration (#25) is GRANTED.  The Court's December 8, 2005 Order (#23) is hereby MODIFIED to reflect that Defendant's Partial Motion for Summary Judgment (#17) is GRANTED only as to the formula for calculating the amount, if any, of Plaintiff's overtime compensation.

DATED: This 15th day of September, 2006.

_____
United States District Judge